IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rufus Julius Anderson, | C/A No. 6:21-cv-02901-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| J.A. Piper Roofing Co., | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Summary Judgment. ECF No. 24. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Jacqueline D. Austin for pre-trial handling and a Report and Recommendation ("Report"). On December 29, 2022, the Magistrate Judge issued a Report recommending that Defendant's Motion for Summary Judgment be granted. ECF No. 51. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed Objections to the Report. ECF No. 54.

**BACKGROUND**

Plaintiff, proceeding pro se, filed suit in this Court on September 9, 2021, asserting claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117, based on Defendant's termination of his employment, failure to promote, and

retaliation.  ECF No. 1 at 4.  Specifically, Plaintiff alleges discrimination based on his race and disability.  *Id*.

On June 20, 2022, Defendant filed a Motion for Summary Judgment.  ECF No. 24.  The Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to the Motion.  ECF No. 26.  Plaintiff filed a Response in Opposition on July 27, 2022.  ECF No. 35.  Defendant filed a Reply on August 3, 2022.  ECF No. 37.  On December 29, 2022, the Magistrate Judge issued a Report recommending that Defendant's Motion for Summary Judgment be granted.  ECF No. 51.  Plaintiff filed Objections to the Report.  ECF No. 54.

Neither party has objected to the Magistrate Judge's recitation of the facts as alleged in the Complaint, and it is incorporated herein by reference.  *See* ECF No. 51 at 2.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **DISCUSSION**

Plaintiff challenges the Magistrate Judge's determination that he has failed to provide evidence to support or establish a prima facie case of retaliation or a retaliatory hostile work environment. ECF No. 54 at 1–2. In the Report, the Magistrate Judge found that Plaintiff failed to provide evidence of a causal connection between the filing of his prior litigation and his termination from employment. ECF No. 51 at 12. However, Plaintiff argues there was a causal connection because if he had not entered the statutory grievance phase, Defendant would not have terminated him. ECF No. 54 at 2. Plaintiff specifically relies on an alleged statement by Dan Jarrot to the South Carolina Employment and Workforce Appeals Division ("Appeals Division"), conveying that the reason for Plaintiff's termination was his engagement in a protected activity.[1] *Id.* Plaintiff also disagrees with the Magistrate Judge's temporal proximity analysis because, although he filed litigation against Defendant on March 21, 2019, he claims that the litigation remained pending until this Court adopted the Magistrate Judge's Report and Recommendation on October 16, 2020.[2] *See id.* at 3. Plaintiff further disputes the Magistrate Judge's statement regarding his history of conflict with coworkers and

---

[1] Plaintiff argues that Mr. Jarrot stated that Defendant's decision to terminate his employment was not for disciplinary reasons. ECF Nos. 35 at 2; 54 at 2. Mr. Jarrot in fact stated, and the Appeals Division found, that Plaintiff "was discharged for cause as a result of not being able to get along with other co-workers." ECF No. 35-3; 37-1 at 2.

[2] Although Plaintiff appears to raise this Objection in the context of his ADA claim, the Magistrate Judge's temporal proximity analysis regarding Plaintiff's previously filed litigation was discussed in the Report in relation to Plaintiff's retaliation or retaliatory hostile work environment claims. ECF No. 51 at 13.

Defendant's resulting need to move him from one work crew to another. *Id.* Upon review, the Court finds the Magistrate Judge thoroughly evaluated and considered Plaintiff's allegations and agrees with her conclusion that Plaintiff has not established a causal connection between the protected activity and the adverse action.

Moreover, Plaintiff objects to the Magistrate Judge's determination that he failed to submit any evidence to support his failure-to-promote claim. ECF No. 54 at 3. Specifically, he claims he does not need to submit any evidence because Defendant submitted a statement by Mike Sosebee, Defendant's Head of Production Department, discussing the promotion and refusing to name him the crew's foreman. *Id.* In the statement, Mr. Sosebee explains that Plaintiff had been reassigned to another crew, and when the crew's foreman was terminated, other members of the crew asked that Plaintiff not be put in charge as foreman. ECF 24-3 at 10. Mr. Sosebee selected another employee with over ten years of roofing experience with the company to serve as foreman in a probationary role. *Id.* Upon review, the Court agrees with the Magistrate Judge that there is no evidence that Plaintiff was qualified for the promotion; that the person promoted was less qualified than Plaintiff; or that Defendant had a discriminatory or retaliatory motive in selecting the person promoted. Accordingly, Plaintiff's Objections are overruled.

Further, liberally construing Plaintiff's Objections, the Court finds Plaintiff has failed to specifically object to the remainder of the Report. However, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the applicable law, and the Magistrate Judge's Report. Having done so, the Court agrees

with the Magistrate Judge's recommendation that Defendant's Motion for Summary Judgment be granted.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections [54] and **ADOPTS** the Report [51]. Accordingly, Defendant's Motion for Summary Judgment [24] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 28, 2023
Spartanburg, South Carolina